Filed 2/19/26  P. v. Walker CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CEDRICK WALKER,<br><br>    Defendant and Appellant. | D085634<br><br><br>(Super. Ct. No. SCD118324) |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen,[*] Judge.  Affirmed.

Cedrick Walker, in pro. per.; and Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1996, Cedric Walker was convicted of first-degree burglary (Pen. Code,[1] §§ 459, 460).  Walker was sentenced under the Three Strikes law to

---

[*]    Retired Judge of San Diego Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]    All further statutory references are to the Penal Code.

25 years to life plus 15 years for three serious felony priors (§ 667, subd. (a)(1)).

Walker appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Walker* (Sept. 9, 1997, D026849).)

In 2024, Walker filed a request under section 1172.1 to recall his sentence. The court appointed counsel and ultimately recalled the sentence and resentenced Walker. The court dismissed the three serious felony enhancements. The court declined to strike the strike priors and sentenced Walker to a term of 25 years to life.

Walker filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. Counsel asks the court to exercise its discretion to independently review the record for error as we would do if the case was governed by *People v. Wende* (1979) 25 Cal.3d 436. Counsel has not been able to identify any potentially meritorious issues for reversal on appeal.

We offered Walker the opportunity to file his own brief on appeal. Walker has responded with a supplemental brief consisting of 400 pages of materials that he believes should have been filed by trial and appellate counsel. His complaint is that counsel's failure to file the materials that he now offers caused him prejudice in the resentencing hearing. We observe that this is not an original proceeding in which a new record is developed, his is an appeal from an established record and the new materials are not part of our appellate review. Although Walker has filed extensive materials, he has not identified any potentially meritorious issues for reversal on appeal based on the record before us.

## DISCUSSION

As we have noted, appellate counsel has filed a *Delgadillo* brief and requests the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified two possible issues that were considered in evaluating the potential merit of this appeal.

1.     Whether the trial court abused its discretion in refusing to strike any of the strike priors.

2.     Whether there were any prison priors (§ 667.5, subd. (b)) remaining in the judgment.

We have reviewed the record for error as required by *Wende* and *Anders*. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Walker on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.*

WE CONCUR:


IRION, Acting P. J.


KELETY, J.

---

*      Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4